UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., | **23-cv-3351 (LJL)** |
| *Plaintiff* | |
| | **PRELIMINARY** |
| v. | **INJUNCTION ORDER** |
| | |
| ALETA CO.LTD, ASSORTED, BICMTE, CHRUVQ, CHUNJIA, CLEVERLY, DONGBIELIN2022, ELEC SPACE, FEIGHT, FEIYU HDWL CO.LTD, HAKOTOM, INCITYSTORE, JUE JIANG YAO, JUE TU MIN SHANG MAO, KINGSTAR, LI HENG GAN WANG LUO, LIFANGDA CO. ITD, LTG TOYS CO.LTD, M GROCKSTR, MEDA HOME CO.LTD, MOVECATCHER, MU PI GUAI KE MAO, PHYACHELO HOME FURNISHING, QILIAN TRADING CO., LTD, QUEENLY, RU ZHA PI, SAULGOOD E-COM CO.LTD, SELINEV CO,LTD, STARPENNY, SUNFLOWERSHOP, SZ FURNITURE CO. LTD, SZ VEHICLE PARTS CO.LTD, TAI YUAN PI DE KAI DIAN ZI SHANG WU YOU XIAN GONG SI, TAI YUAN SHENG CHI ER QI SHANG MAO YOU XIAN GONG SI, TAI YUAN SU WEI TING, TAIYUANZHIRUIDATAIWANGLUOKEJIYOUXIANC O. LTD, TAZEMAT, XI JUE GU MAO YI, XI MING GA WANG LUO, YACHANGTAI TRADING, YU HAN HUAI and YUANQUXIANYOUMANSHANGMAOYOUXIANGO NGSI, | |
| *Defendants* | |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Aleta Co.Ltd, assorted, Bicmte, Chruvq, chunjia, cleverly, Dongbielin2022, elec Space, feight, Feiyu Hdwl Co.Ltd, HAKOTOM, incitystore, jue jiang yao, jue tu min shang mao, kingstar, li heng gan wang luo, LiFangDa CO. ltd, LTG Toys Co.Ltd, m GROCKSTR, Meda Home Co.Ltd, MoveCatcher, mu pi guai ke mao, Phyachelo Home Furnishing, Qilian Trading Co., Ltd, queenly, ru zha pi, SaulGood E-Com Co.Ltd, Selinev Co,ltd, Starpenny, SunflowerShop, SZ Furniture Co. Ltd, SZ Vehicle Parts Co.Ltd, tai yuan pi de kai dian zi shang wu you xian gong si, tai yuan sheng chi er qi shang mao you xian gong si, tai yuan su wei ting, TaiyuanzhiruidataiwangluokejiyouxianCo. Ltd, TAZEMAT, xi jue gu mao yi, xi ming ga wang luo, Yachangtai Trading, yu han huai and yuanquxianyoumanshangmaoyouxiangongsi |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |

| Yummy Can Bacon Product | A splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once |
|---|---|
| Yummy Can Bacon Registration | U.S. Trademark Registration No.: 6,873,594 for "YUMMY CAN" for goods in Class 21 |
| Yummy Can Bacon Application | U.S. Trademark Application No.: 90/901,901 for "YUMMY CAN BACON" for goods in Class 21 |
| Yummy Can Bacon Marks | The Yummy Can Bacon Registration and Yummy Can Bacon Application |
| Yummy Can Bacon Works | U.S. Copyright Registration Nos.: VA 2-320-958, covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936, covering the Yummy Can Bacon Website; and PA 2-372-990, covering the Yummy Can Bacon Commercial |
| Counterfeit Products | Products bearing or used in connection with the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or products in packaging and/or containing labels bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or products that are identical or confusingly or substantially similar to the Yummy Can Bacon Product |
| Infringing Listings | Defendants' listings for Counterfeit Products |
| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Walmart Marketplace held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said |

| | |
|---|---|
| | account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any and all online marketplace platforms, owned and operated, directly or indirectly, by Walmart Marketplace, through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on April 24, 2023 |

WHERAS, Plaintiff having moved *ex parte* on April 21, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on April 24, 2023 ("TRO") which ordered Defendants to appear on May 5, 2023 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 1, 2023 pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on the following Defendants: Aleta Co.Ltd, assorted, chunjia, cleverly, Dongbielin2022, feight, Feiyu Hdwl Co.Ltd,  jue jiang yao, jue tu min shang mao, kingstar, li heng gan wang luo, LTG Toys Co.Ltd, m GROCKSTR, mu pi guai ke mao, Phyachelo Home Furnishing, queenly, ru zha pi, SaulGood E-Com Co.Ltd, Selinev Co,ltd, Starpenny, SZ Furniture Co. Ltd, SZ Vehicle Parts Co.Ltd, tai yuan pi de kai dian zi shang wu you xian gong si, tai yuan sheng chi er qi shang mao you xian gong si, tai yuan su wei ting, TaiyuanzhiruidataiwangluokejiyouxianCo. Ltd, TAZEMAT, xi jue gu mao yi, xi ming ga wang luo, Yachangtai Trading and yu han huai;

WHEREAS, on May 2, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant Meda Home Co.Ltd;

WHEREAS, on May 5, 2023 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.      Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products, and the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world through major retailers and well-known mass retail outlets, including, but not limited to:  Walmart and Walgreens, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

B.      One of Plaintiff's most recent products is its Yummy Can Bacon Product, a splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once.

C.      The Yummy Can Bacon Product is sold by major U.S. retailers and e-commerce sites, such as Amazon and Walmart.

D.      The Yummy Can Bacon Product typically retails for $19.99.

E.      Telebrands owns significant common law trademark rights in and to its Yummy Can Bacon Marks and Yummy Can Bacon Product, through use, advertising, promotion and sale throughout the United States.  Telebrands' licensor, DaVinci CSJ, LLC ("Licensor"), has also protected the valuable trademark rights by applying for federal U.S. trademark registrations, which are pending, and licensing them exclusively to Telebrands.

F.      For example, Licensor is the owner of the Yummy Can Registration (i.e., U.S. Registration No. 6,873,594 for "YUMMY CAN" for goods in Class 21) and the Yummy Can Bacon Application (i.e., U.S. Trademark Application Ser. No. 90/901,901 for "YUMMY CAN BACON" for goods in Class 21).

G.      The Yummy Can Bacon Marks are currently in use in commerce in connection with Yummy Can Bacon Product. The Yummy Can Bacon Marks were first used in commerce on

or before the dates of first use as reflected in the Yummy Can Bacon Marks.

H.    Telebrands is the exclusive licensee of the Yummy Can Bacon Marks in the United States.

I.    In addition, Licensor is also the owner of unregistered and registered copyrights in and related to the Yummy Can Bacon Product and licenses them exclusively to Telebrands.

J.    For example, Licensor owns U.S. Copyright Registration Nos.: VA 2-320-958 covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936 covering the Yummy Can Bacon Website; and PA 2-372-990 covering the Yummy Can Bacon Commercial.

K.    Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Walmart Marketplace (see Schedule A for links to Defendants' Merchant Storefronts and Infringing Listings).  Many of the Defendants offer for sale and/or sell Counterfeit Products in addition to the examples used in Exhibit D to the complaint.

L.    A single company owns and operates the majority of the Merchant Storefronts in this action.  In particular, 28 of the Defendants in this action share a common owner.

M.    Defendants are not, nor have they ever been, authorized distributors or licensees of the Yummy Can Bacon Product.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Yummy Can Bacon Works and/or Yummy Can Bacon Marks, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works.

N.    Nothing in Walmart Marketplace's policies and procedures addresses the concern of Defendants' ability to create new Merchant Storefronts and relist Counterfeit Products, and

Walmart Marketplace has no policy or procedure to detect Infringing Listings and/or Counterfeit Products or mechanisms in place to otherwise monitor Defendants' Merchant Storefronts for Infringing Listings and/or Counterfeit Products after being notified by Plaintiff that Defendants were selling Counterfeit Products.

O.      Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial.

P.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

a.   Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

b.   A representative sampling of Defendants' Counterfeit Products have been tested by Plaintiff and were found to be dangerous; and

c.   Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Yummy Can Bacon Product.

Q.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

R.      Public interest favors issuance of the preliminary injunction order in order to

protect Plaintiff's interests in and to its Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Yummy Can Bacon Product.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

      ii. operation of Defendants' Merchant Storefronts insofar as such Merchant Storefronts have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order;

      iii. directly or indirectly infringing in any manner Plaintiff's Yummy Can Bacon

Marks and Yummy Can Bacon Works;

iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Yummy Can Bacon Marks and Yummy Can Bacon Works, to identify any goods or services not authorized by Plaintiff;

v. using Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or any other marks that are confusingly similar to the Yummy Can Bacon Marks and/or any other artwork that is substantially similar to the Yummy Can Bacon Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants'

Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers

7

who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.   Operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order; and

    ii.   Instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) above and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order.

2.  As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation.

3.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b)  Plaintiff may serve requests for the production of documents pursuant to Rules 26 and

34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. account numbers;

  ii. current account balances;

  iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

  v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents

sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

     iv.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Products, or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works.

4.  As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to all Defendants, except Defendants Bicmte, Chruvq, elec Space, HAKOTOM, incitystore, LiFangDa CO. Itd, MoveCatcher, Qilian Trading Co., Ltd, SunflowerShop and yuanquxianyoumanshangmaoyouxiangongsi if it is completed by the following means:

  a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Walmart Marketplace pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5.  IT IS FURTHER ORDERED that Plaintiff may renew its motion for alternative service with respect to Defendants Bicmte, Chruvq, elec Space, HAKOTOM, incitystore, LiFangDa CO. Itd, MoveCatcher, Qilian Trading Co., Ltd, SunflowerShop and yuanquxianyoumanshangmaoyouxiangongsi at any time through the pendency of this litigation.

6.  As sufficient cause has been shown, service of this Order shall be made on and deemed

effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Walmart Marketplace will be able to download a PDF copy of this Order via electronic mail to trolegalcomms@walmartlegal.com;

c)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Manager at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc. at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@dlapiper.com, respectively; and

d)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8.  The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants or other persons that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

11. This Order is without prejudice to Plaintiff moving the Court for

    a)  An expansion of the asset restraint or any other appropriate relief should Plaintiff discover new financial institutions, not defined as a Financial Institution under this Order, with Defendants' Financial Accounts;

    b)  An expansion of the Order to additional online marketplace platforms and/or entities, other than the Third Party Service Providers, through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products.

**SO ORDERED.**

SIGNED this _12__ day of __May_____, 2023, at __4:53___ p .m.
New York, New York

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE