Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TELEBRANDS CORP.,

*Plaintiff*

v.

ALETA CO.LTD, ASSORTED, BICMTE, CHRUVQ, CHUNJIA, CLEVERLY, DONGBIELIN2022, ELEC SPACE, FEIGHT, FEIYU HDWL CO.LTD, HAKOTOM, INCITYSTORE, JUE JIANG YAO, JUE TU MIN SHANG MAO, KINGSTAR, LI HENG GAN WANG LUO, LIFANGDA CO. ITD, LTG TOYS CO.LTD, M GROCKSTR, MEDA HOME CO.LTD, MOVECATCHER, MU PI GUAI KE MAO, PHYACHELO HOME FURNISHING, QILIAN TRADING CO., LTD, QUEENLY, RU ZHA PI, SAULGOOD E-COM CO.LTD, SELINEV CO,LTD, STARPENNY, SUNFLOWERSHOP, SZ FURNITURE CO. LTD, SZ VEHICLE PARTS CO.LTD, TAI YUAN PI DE KAI DIAN ZI SHANG WU YOU XIAN GONG SI, TAI YUAN SHENG CHI ER QI SHANG MAO YOU XIAN GONG SI, TAI YUAN SU WEI TING, TAIYUANZHIRUIDATAIWANGLUOKEJIYOUXIANCO. LTD, TAZEMAT, XI JUE GU MAO YI, XI MING GA WANG LUO, YACHANGTAI TRADING,

CIVIL CASE No.
**23-cv-3351 (LJL)**

**FINAL DEFAULT JUDGMENT
AND PERMANENT
INJUNCTION ORDER**

YU         HAN         HUAI         AND
YUANQUXIANYOUMANSHANGMAOYOUXIAN
GONGSI,


*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. | N/A |
| **Defendants** | Aleta Co.Ltd, assorted, Bicmte, Chruvq, chunjia, cleverly, Dongbielin2022, elec Space, feight, Feiyu Hdwl Co.Ltd, HAKOTOM, incitystore, jue jiang yao, jue tu min shang mao, kingstar, li heng gan wang luo, LiFangDa CO. Itd, LTG Toys Co.Ltd, m GROCKSTR, Meda Home Co.Ltd, MoveCatcher, mu pi guai ke mao, Phyachelo Home Furnishing, Qilian Trading Co., Ltd, queenly, ru zha pi, SaulGood E-Com Co.Ltd, Selinev Co,ltd, Starpenny, SunflowerShop, SZ Furniture Co. Ltd, SZ Vehicle Parts Co.Ltd, tai yuan pi de kai dian zi shang wu you xian gong si, tai yuan sheng chi er qi shang mao you xian gong si, tai yuan su wei ting, TaiyuanzhiruidataiwangluokejiyouxianCo. Ltd, TAZEMAT, xi jue gu mao yi, xi ming ga wang luo, Yachangtai Trading, yu han huai and yuanquxianyoumanshangmaoyouxiangongsi | N/A |
| **Defaulting Defendants** | chunjia, Dongbielin2022, jue jiang yao, ru zha pi and TAZEMAT | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 20, 2023 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on April 21, 2023 | Dkt. 9 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 1, 2023 | Dkts. 16-17 |

| | | |
|---|---|---|
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 17 |
| **Yummy Can Bacon Product** | A splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once | N/A |
| **Yummy Can Bacon Marks** | U.S. Trademark Registration Nos.: 6,873,594 for "YUMMY CAN" for goods in Class 21 and 6,987,495 for "YUMMY CAN BACON" for goods in Class 21[1] | N/A |
| **Yummy Can Bacon Works** | U.S. Copyright Registration Nos.: VA 2-320-958, covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936, covering the Yummy Can Bacon Website; and PA 2-372-990, covering the Yummy Can Bacon Commercial | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or products in packaging and/or containing labels bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or products that are identical or confusingly or substantially similar to the Yummy Can Bacon Product | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Walmart Marketplace held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |

---

[1] The Yummy Can Bacon Application, as defined in Plaintiff's Application, has registered since the filing of this Action.

| | | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on September 8, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Yummy Can Bacon Marks and Yummy Can Bacon Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**<u>FACTUAL FINDINGS & CONCLUSIONS OF LAW</u>**

A.      Plaintiff asserts claims for trademark counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114(1)(a)–(b), 1116(d), and 1117(b)–(c), Dkt, No. 9 ¶¶ 47–56, infringement of registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114, *id.* ¶¶ 57–69, infringement of unregistered trademarks in violation of the Lanham Act, 15 U.S.C. § 1125, *id.* ¶¶ 70–82, and federal copyright infringement, *id.* ¶¶ 92–99, among other claims, and seeks relief in the form of a permanent injunction and statutory damages for trademark counterfeiting.

B.      Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to plead or otherwise defend: the entry of a

1

default, and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir.

2005).

C.      The first step, entry of a default, simply "formalizes a judicial recognition that a

defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of*

*New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see also* Fed. R. Civ.

P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of

liability into a final judgment that terminates the litigation and awards the plaintiff any relief to

which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn*

*Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).  Whether entry of default judgment at the

second  step  is  appropriate  depends  upon  whether  the  well-pleaded  allegations  against  the

defaulting party establish liability as a matter of law.  *See Mickalis Pawn Shop*, 645 F.3d at 137.

D.      The  Court  accepts  the  well-pleaded  allegations  of  the  complaint  as  true  and

analyzes them "under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the

additional step of drawing inferences in the movant's favor."  *WowWee Grp. Ltd. v. Meirly*, 2019

WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

E.      Plaintiff is a leading developer, producer, marketer, and distributor of quality,

innovative consumer products, and the original creator of the "As Seen On TV" products that

Plaintiff promotes and sells throughout the United States and the world through major retailers

and well-known mass retail outlets, including, but not limited to:  Walmart and Walgreens, as well

as through its retail customers' websites and a network of international distributors, among other

channels of trade.  Dkt. No. 9 ¶ 7.

F.      One  of  Plaintiff's  most  recent  products  is  its  Yummy  Can  Bacon  Product,  a

splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once. *Id.* ¶ 8.

G.       The Yummy Can Bacon Product is sold by major U.S. retailers and e-commerce sites, such as Amazon and Walmart. *Id.* ¶ 9.

H.       The Yummy Can Bacon Product typically retails for $19.99. *Id.* ¶ 10.

I.       Plaintiff has gained significant common law trademark and other rights in its Yummy Can Bacon Products, through its use, advertising and promotion.  DaVinci CSJ, LLC ("Licensor"), a company owned by Plaintiff, has also protected the valuable rights by filing for federal trademark registrations, and licensing them to Plaintiff. *Id.* ¶ 11.

J.       For example, Licensor is the owner of the Yummy Can Bacon Marks (i.e., U.S. Registration No. 6,873,594 for "YUMMY CAN" for goods in Class 21 and 6,987,495 for "YUMMY CAN BACON" for goods in Class 21). *Id.* ¶ 12.

K.       The Yummy Can Bacon Marks are currently in use in commerce in connection with Yummy Can Bacon Product. The Yummy Can Bacon Marks were first used in commerce on or before the dates of first use as reflected in the Yummy Can Bacon Marks. *Id.* ¶ 13.

L.       In addition, Licensor is also the owner of unregistered and registered copyrights in and related to the Yummy Can Bacon Product and licenses them exclusively to Telebrands. *Id.* ¶ 15.

M.       For example, Licensor owns U.S. Copyright Registration Nos.: VA 2-320-958 covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936 covering the Yummy Can Bacon Website; and PA 2-372-990 covering the Yummy Can Bacon Commercial. *Id.* ¶ 16.

N.       Defaulting Defendants are offering for sale and/or sell Counterfeit Products in the

United States through Defaulting Defendants' User Accounts and Merchant Storefronts with Walmart Marketplace.  *Id.* ¶¶ 27–30, 33.

O.      Defaulting Defendants are not, nor have they ever been, authorized distributors or licensees of the Yummy Can Bacon Product.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defaulting Defendants' use of the Yummy Can Bacon Works and/or Yummy Can Bacon Marks, nor has Plaintiff consented to Defaulting Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works.  *Id.* ¶ 34.

P.      On May 1, 2023, pursuant to the methods of alternative service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all documents filed in support of Plaintiff's Application on each and every Defaulting Defendant.  As such, Defaulting Defendants had until May 22, 2023 to answer or otherwise respond to the Complaint.

Q.      To date, Defaulting Defendants have neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this action.

R.      On September 6, 2023, Plaintiff requested an entry of default against Defaulting Defendants from the Clerk of the Court, and on September 7, 2023, the Clerk of the Court entered a Certificate of Default against Defaulting Defendants.

S.      On October 2, 2023, the Court held a Show Cause Hearing on Plaintiff's Motion for Default Judgment, however, none of the Defaulting Defendants appeared.

T.      To prevail on the copyright claim, Plaintiff must demonstrate ownership of a valid copyright and unauthorized copying of the copyrighted work.  *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 369 (S.D.N.Y. 2020) (citing *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d

Cir. 2003)).  Plaintiffs pleaded facts regarding and produced evidence of their exclusive copyright

ownership.  Dkt. No. 9 ¶¶ 15, 16 & Ex. C.  Plaintiffs also have pleaded facts that demonstrate

Defaulting Defendants unauthorized copying of Plaintiff's copyrighted work.  *Id.* ¶¶ 34–41.  This

is sufficient to make out a *prima facie* case of copyright infringement.

       U.      To prevail on the trademark claim, Plaintiff must demonstrate that it has valid

marks entitled to protection, and that Defaulting Defendants' use of the marks is likely to cause

consumers confusion as to the origin of Defendants' goods.  *Virgin Enters. Ltd. v. Nawab*, 335

F.3d 141, 146 (2d Cir. 2003).  "[T]he Lanham Act does not provide for a separate cause of action

for counterfeiting; rather, it provides for specific kinds of relief for trademark infringement claims

based on the sale of counterfeit goods."  *Chrome Hearts LLC v. Controse Inc.*, 2023 WL 5049198,

at *8 (S.D.N.Y. Aug. 8, 2023) (quoting *Rovio Ent., Ltd. v, Allstart Vending, Inc.*, 97 F. Supp. 3d

536, 545 n.2 (S.D.N.Y. 2015)).  A plaintiff seeking the enhanced form of relief available for the

unauthorized use of a counterfeit must establish not only that the defendant's mark is a

"counterfeit" within the meaning of the Lanham Act, but also that the defendant has used the

challenged word, name, symbol or device as a mark, and that the defendant's use of that mark

creates a likelihood of confusion.  *See id.* at *11.  A mark is a counterfeit when it is "nearly

identical . . . with only minor differences which would not be apparent to an unwary observer."

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 499 (S.D.N.Y. 2015)

(quoting *Consol. Cigar Corp. v. Monte Cristi de Tabacos*, 58 F. Supp. 2d 188, 196 (S.D.N.Y.

1999)); *see also One Hanover, LLC v. Witkoff Grp. LLC*, 2023 WL 3304026, at *4 (S.D.N.Y. May

8, 2023).  The analysis requires one to consider not only the "marks in the abstract," but also "how

they appear to consumers in the marketplace."  *GTFM, Inc. v. Solid Clothing Inc.*, 2002 WL

1933729, at *2 (S.D.N.Y. Aug. 21, 2002).  To assess a claim of counterfeit, "an allegedly

counterfeit mark must be compared with the registered mark as it appears on actual merchandise to an average purchaser." *Colgate-Palmolive Co. v. J.M.D. All-Star Imp. & Exp. Inc.*, 486 F. Supp. 2d 286, 289 (S.D.N.Y. 2007); *see also Montres Rolex, S.A. v. Snyder*, 718 F.2d 524, 533 (2d Cir. 1983); *Ill. Tool Works Inc. v. J-B Weld Co., LLC*, 469 F. Supp. 3d 4, 9–10 (D. Conn. 2020) (citing cases).

V.       Plaintiff has established the elements of trademark infringement and counterfeiting. Plaintiff's factual allegations establish that it has valid marks which have achieved secondary meaning and are entitled to protection.  Dkt. No. 9 ¶¶ 11–14, 17–21.  Plaintiff's well-pleaded allegations also establish that Defaulting Defendants' marks are nearly identical to those of Plaintiff and are likely to cause consumer confusion. *Id.* ¶¶ 34–45.

W.      The well-pleaded factual allegations of the Complaint thus demonstrate that Defaulting Defendants have violated the Copyright Act, 17 U.S.C. § 501(a), and the Lanham Act, 15 U.S.C. § 1125, and have engaged in trademark counterfeiting, 15 U.S.C. §§ 1114(1)(a)–(b), 1116(d), and 1117(b)–(c).

## I.       Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on its First, Second, Third, and Fifth Causes of Action;[2]

## II.      Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars

---

[2] The Court need not and does not consider Plaintiff's Fourth and Sixth Causes of action because it does not appear that Plaintiff seeks any separate relief pursuant to those causes of action.

($50,000.000) in statutory damages against the following five (5) Defaulting Defendants: chunjia, Dongbielin2022, jue jiang yao, ru zha pi and TAZEMAT ("Defaulting Defendants' Individual Damages Award") pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs E and F below, which shall apply worldwide):

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or marks and/or artwork that are confusingly similar or substantially to, identical to and constitute a counterfeiting and/or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

   B. directly or indirectly infringing in any manner Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works to identify any goods or services not authorized by Plaintiff;

    D.  using Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or any other marks that are confusingly similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    E.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    F.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works or bear any marks and/or works that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

## IV.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.   Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and

enforce this Order.

**SO ORDERED.**

DATED:  October 6, 2023

_____

HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE