Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> ALETA CO.LTD, ASSORTED, BICMTE, CHRUVQ, CHUNJIA, CLEVERLY, DONGBIELIN2022, ELEC SPACE, FEIGHT, FEIYU HDWL CO.LTD, HAKOTOM, INCITYSTORE, JUE JIANG YAO, JUE TU MIN SHANG MAO, KINGSTAR, LI HENG GAN WANG LUO, LIFANGDA CO. ITD, LTG TOYS CO.LTD, M GROCKSTR, MEDA HOME CO.LTD, MOVECATCHER, MU PI GUAI KE MAO, PHYACHELO HOME FURNISHING, QILIAN TRADING CO., LTD, QUEENLY, RU ZHA PI, SAULGOOD E-COM CO.LTD, SELINEV CO,LTD, STARPENNY, SUNFLOWERSHOP, SZ FURNITURE CO. LTD, SZ VEHICLE PARTS CO.LTD, TAI YUAN PI DE KAI DIAN ZI SHANG WU YOU XIAN GONG SI, TAI YUAN SHENG CHI ER QI SHANG MAO YOU XIAN GONG SI, TAI YUAN SU WEI TING, TAIYUANZHIRUIDATAIWANGLUOKEJIYOUXIANCO. LTD, TAZEMAT, XI JUE GU MAO YI, XI MING GA WANG LUO, YACHANGTAI TRADING, | CIVIL CASE No. <br> 23-cv-3351 (MMG) <br><br> [PROPOSED] <br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |


| | |
|---|---|
| YU HAN HUAI and YUANQUXIANYOUMANSHANGMAOYOUXIAN GONGSI,<br><br>*Defendants* | |


**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. | N/A |
| **Defendants** | Aleta Co.Ltd, assorted, Bicmte, Chruvq, chunjia, cleverly, Dongbielin2022, elec Space, feight, Feiyu Hdwl Co.Ltd, HAKOTOM, incitystore, jue jiang yao, jue tu min shang mao, kingstar, li heng gan wang luo, LiFangDa CO. ltd, LTG Toys Co.Ltd, m GROCKSTR, Meda Home Co.Ltd, MoveCatcher, mu pi guai ke mao, Phyachelo Home Furnishing, Qilian Trading Co., Ltd, queenly, ru zha pi, SaulGood E-Com Co.Ltd, Selinev Co,ltd, Starpenny, SunflowerShop, SZ Furniture Co. Ltd, SZ Vehicle Parts Co.Ltd, tai yuan pi de kai dian zi shang wu you xian gong si, tai yuan sheng chi er qi shang mao you xian gong si, tai yuan su wei ting, TaiyuanzhiruidataiwangluokejiyouxianCo. Ltd, TAZEMAT, xi jue gu mao yi, xi ming ga wang luo, Yachangtai Trading, yu han huai and yuanquxianyoumanshangmaoyouxiangongsi | N/A |
| **Defaulting Defendants** | Bicmte, elec Space, HAKOTOM, MoveCatcher, Qilian Trading Co., Ltd, SunflowerShop and yuanquxianyoumanshangmaoyouxiangongsi | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 20, 2023 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on April 21, 2023 | Dkt. 9 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing | Dkts. 16-17 |

| | | |
|---|---|---|
| | bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 1, 2023 | |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 17 |
| **Yummy Can Bacon Product** | A splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once | N/A |
| **Yummy Can Bacon Marks** | U.S. Trademark Registration Nos.: 6,873,594 for "YUMMY CAN" for goods in Class 21 and 6,987,495 for "YUMMY CAN BACON" for goods in Class 21[1] | N/A |
| **Yummy Can Bacon Works** | U.S. Copyright Registration Nos.: VA 2-320-958, covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936, covering the Yummy Can Bacon Website; and PA 2-372-990, covering the Yummy Can Bacon Commercial | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or products in packaging and/or containing labels bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or products that are identical or confusingly or substantially similar to the Yummy Can Bacon Product | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Walmart Marketplace held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

---

[1] The Yummy Can Bacon Application, as defined in Plaintiff's Application, has registered since the filing of this Action.

ii

| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on April 12, 2024 | ~~TBD~~ Dkt. No. 57 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | ~~TBD~~ Dkt. No. 58 |

iii

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.   Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products, and the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world through major retailers and well-known mass retail outlets, including, but not limited to: Walmart and Walgreens, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

B.   One of Plaintiff's most recent products is its Yummy Can Bacon Product, a splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once.

C. The Yummy Can Bacon Product is sold by major U.S. retailers and e-commerce sites, such as Amazon and Walmart.

D. The Yummy Can Bacon Product typically retails for $19.99.

E. While Plaintiff has gained significant common law trademark and other rights in its Yummy Can Bacon Products, through its use, advertising and promotion, DaVinci CSJ, LLC ("Licensor"), a company owned by Plaintiff, has also protected the valuable rights by filing for and/or obtaining federal trademark registrations. Plaintiff is the exclusive licensee of the Yummy Can Bacon Marks in the United States.

F. For example, Licensor is the owner of the Yummy Can Bacon Marks (i.e., U.S. Registration No. 6,873,594 for "YUMMY CAN" for goods in Class 21 and 6,987,495 for "YUMMY CAN BACON" for goods in Class 21).

G. The Yummy Can Bacon Marks are currently in use in commerce in connection with Yummy Can Bacon Product. The Yummy Can Bacon Marks were first used in commerce on or before the dates of first use as reflected in the Yummy Can Bacon Marks.

H. In addition, Licensor is also the owner of unregistered and registered copyrights in and related to the Yummy Can Bacon Product and licenses them exclusively to Telebrands.

I. For example, Licensor owns U.S. Copyright Registration Nos.: VA 2-320-958 covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936 covering the Yummy Can Bacon Website; and PA 2-372-990 covering the Yummy Can Bacon Commercial.

J. Defaulting Defendants were and/or are currently manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or selling Counterfeit Products in the United States through Defaulting Defendants' User Accounts and Merchant Storefronts with Walmart Marketplace.

K.    Defaulting Defendants are not, nor have they ever been, authorized distributors or licensees of the Yummy Can Bacon Product. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defaulting Defendants' use of the Yummy Can Bacon Works and/or Yummy Can Bacon Marks, nor has Plaintiff consented to Defaulting Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works.

L.    On September 27, 2023, Defaulting Defendants Bicmte and HAKOTOM were successfully served through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague"). As such, Defaulting Defendants Bicmte and HAKOTOM had until October 18, 2023 to answer or otherwise respond to the Complaint.

M.    On November 29, 2023, Defaulting Defendant yuanquxianyoumanshangmaoyouxiangongsi was successfully served through the Hague. As such, Defaulting Defendant yuanquxianyoumanshangmaoyouxiangongsi had until December 20, 2023 to answer or otherwise respond to the Complaint.

N.    Hague service was unsuccessful on Defaulting Defendants elec Space, MoveCatcher, Qilian Trading Co., Ltd and SunflowerShop ("Unsuccessful Hague Defaulting Defendants"). On March 8, 2024, the Court directed Plaintiff to serve the Unsuccessful Hague Defaulting Defendants through the methods of alternative service requested in Plaintiff's Application by March 15, 2024 ("March 8, 2024 Order"). (Dkt. 52). On March 11, 2024, pursuant to the methods of alternative service requested in Plaintiff's Application, Plaintiff served the Summons, Complaint, TRO and all documents filed in support of Plaintiff's Application on each

3

and every Unsuccessful Hague Defaulting Defendant. Pursuant to the March 8, 2024 Order (Dkt. 52), Defaulting Defendants had until April 5, 2024 to answer or otherwise respond to the Complaint.

O.  To date, Defaulting Defendants have neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this action.

P.  On April 11, 2024, Plaintiff requested an entry of default against Defaulting Defendants from the Clerk of the Court, and on April 12, 2024, the Clerk of the Court entered a Certificate of Default against Defaulting Defendants.

## I.  Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff Fifty Thousand Dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the seven (7) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) of the Lanham Act and Section 17 U.S.C. § 504(c) of the Copyright Act, plus post-judgment interest.

## III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are

permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs E and F below, which shall apply worldwide):

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or marks and/or artwork that are confusingly similar or substantially to, identical to and constitute a counterfeiting and/or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

B. directly or indirectly infringing in any manner Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works to identify any goods or services not authorized by Plaintiff;

D. using Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or any other marks that are confusingly similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture,

      importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works or bear any marks and/or works that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

    A. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(F) and III(3)(A) above and III(4)(A) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.  Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; and

7

2)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this  14th  day of ____May____, 2024, at _____ __.m.

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

8